DAVID L. HELLER, RELATOR, v. VILLAGE OF SOUTH ORANGE AND IRA T. REDFERN, BUILDING INSPECTOR OF THE VILLAGE OF SOUTH ORANGE, DEFENDANTS.

Submitted June 9, 1923—Decided October 5, 1925.

**Zoning—Stores in Restricted Sections—Case Governed by Ig-naciunas v. Risley—Restrictions Not Valid Exercise of Police Power, But the Taking of Private Property For Public Use.**

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Howe & Davis* (*Edward I. Davis*, of counsel).

For the defendants, *Riker & Riker* (*Thomas E. Fitzsimmons*, of counsel).

PER CURIAM.

This case is before this court on a rule to show cause why a peremptory writ of *mandamus* should not issue requiring the village of South Orange and its building inspector to

issue a permit to the relator for the erection of seven retail stores, to be of brick construction, on property owned by the relator at the corner of Irvington avenue and Ward place, in the village of South Orange.

The state of the case contains an agreed state of facts. From the facts agreed upon it appears that, on November 25th, 1924, the relator applied to the building inspector of the village of South Orange for a permit for the erection of the row of stores. The application was made in writing and the required fees tendered. The building inspector refused the permit on the ground that the zoning ordinance of the village of South Orange, passed March 20th, 1922, the erection of retail stores upon the lot owned by the relator was forbidden.

The question thus presented has been decided adversely to the defendant in a number of cases, of which the leading case is *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; *affirmed,* 2 *N. J. Adv. R.* 852.

The ordinance in question further provides as follows: "In residence 'A' and residence 'C' districts no part of a building shall be higher above the curb level than the distance it sets back from the street line of the street on which it faces, and the front yard set-back distance to the main front wall shall not be less than twenty-five feet, except that on a corner lot the set-back distance from one street line may be reduced to not less than fifteen feet." The relator's property is included in this inhibition. The provision is, in our opinion, illegal. It is not a valid exercise of the police power. It is the taking of private property for public purposes without just compensation being made to the owner. It falls within the doctrine laid down in the case of *Passaic* v. *Paterson Bill Posting Co.,* 72 *N. J. L.* 285; see, also, *St. Louis* v. *Hill* (*Mo.*), 21 *L. R. A.* 326.

As this court said in the case of *Eaton* v. Village of South Orange, decided October 1st, 1925, "the fact that there is 'considerable traffic—automobile and otherwise—at the intersection of the streets on which the property in question fronts,' does not justify the restrictions in question."

A peremptory writ of *mandamus* is awarded. In case an appeal is desired, an application will be entertained for an order for the moulding of the pleadings.